Kevin J. Windels (KJW-5477)
Stephen F. Willig (SFW-9847)
D'AMATO & LYNCH, LLP
70 Pine Street
New York, New York  10270
Phone: (212) 269-0927
Facsimile: (212) 269-3559
kwindels@damato-lynch.com
swillig@damato-lynch.com

*Attorneys for Defendant*
ILLINOIS NATIONAL
INSURANCE COMPANY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| REFCO, INC., et al.,<br>                 Debtors. | : | Case No. 05-60006 (RDD)<br><br>Jointly Administered |

------------------------------------------------------------x

| | | |
|---|---|---|
| TONE N. GRANT,<br><br>                Plaintiff,<br><br>   -against-<br><br>ILLINOIS NATIONAL INSURANCE COMPANY<br>AND NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, PA.,<br><br>                Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br><br><br><br>Adv. Proc. No. 08-1129-rdd<br><br>Case No. 08-CV-4846 (GEL) |

------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT
OF ILLINOIS NATIONAL INSURANCE COMPANY'S
<u>MOTION TO WITHDRAW THE REFERENCE</u>**

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES..................................................................................ii

PRELIMINARY STATEMENT...........................................................................1

ARGUMENT

ILLINOIS NATIONAL HAS DEMONSTRATED SUFFICIENT
CAUSE FOR THE COURT TO WITHDRAW THE REFERENCE......................2

A.  This is a Non-Core Proceeding and Illinois
    National's Jury Demand is Proper.................................................................2

B.  Judicial Economy, Fairness and Timing
    Strongly Favor a Withdrawal of the Reference............................................5

CONCLUSION......................................................................................................10

# TABLE OF AUTHORITIES

## FEDERAL CASES

Ames Department Stores, Inc. v. TJX Cos., Inc.
(In Re Ames Department Stores, Inc.),
190 B.R. 157 (S.D.N.Y. 1995)..................................................................................4, 5

In Re Orion Pictures Corp.,
4 F.3d 1095 (2d Cir 1993)........................................................................................2, 3, 4

Pereira v. Farace,
413 F.3d 330 (2d Cir. 2005)..........................................................................................4

United States v. Stern,
452 F. Supp. 276 (S.D.N.Y. 2006) ...............................................................................4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                          :   Chapter 11
                                               :
REFCO, INC., et al.,                           :   Case No. 05-60006 (RDD)
          Debtors.                             :
                                               :   Jointly Administered
------------------------------------------------------------x
TONE N. GRANT,                                 :
                                               :
          Plaintiff,                           :   Adv. Proc. No. 08-1129-rdd
                                               :
     -against-                                 :   Case No. 08-CV-4846 (GEL)
                                               :
ILLINOIS NATIONAL INSURANCE                    :
COMPANY AND NATIONAL UNION FIRE                :
INSURANCE COMPANY OF PITTSBURGH,               :
PA.,                                           :
                                               :
          Defendants.                          :
------------------------------------------------------------x

## PRELIMINARY STATEMENT

Plaintiff's opposition fails to credibly refute any of the bases for withdrawal of the reference established in Illinois National's original memorandum of law, namely, (1) this case involves a non-core claim, (2) withdrawal is a more efficient and economical use of judicial resources, (3) there will be no delay of the case, (4) withdrawal will promote the uniformity of bankruptcy administration, (5) withdrawal is not motivated by forum shopping, and (6) other related factors promoting efficiency. Significantly, plaintiff's opposition essentially concedes that this is a non-core claim. Moreover, plaintiff's main point in opposing the motion, a narrowly drawn argument that judicial economy and efficiency will not be served by withdrawal of the reference here is flawed as it desperately tries, but fails, to

1

distinguish this case from the other Refco related directors and officers insurance coverage cases involving Axis, AWAC, Arch and XL Specialty by claiming that no determination of coverage is needed, which is not the case. Thus, plaintiff's case against Illinois National has no relevant distinction with his cases against the other insurers that would allow the court to deny this motion. All of these have already been removed to the District Court (either with Grant's consent or without his objection). Plaintiff's opposition also fails to acknowledge that this District Court has already invested time in this case (not to mention all the other coverage related actions), having recently decided a motion by Illinois National to expand the Record on Appeal in connection with its appeal of Judge Drain's Order granting plaintiff's motion for a preliminary injunction to advance defense costs and will be shortly considering the appeal itself.

## ARGUMENT

### ILLINOIS NATIONAL HAS DEMONSTRATED SUFFICIENT CAUSE FOR THE COURT TO WITHDRAW THE REFERENCE

A.  **This is a Non-Core Proceeding and Illinois National's Jury Demand is Proper**

Plaintiff's opposition does not contest that this is a non-core proceeding and instead tries to gloss over the relevance of this fact by arguing that the issue of core or non-core is not dispositive. This analysis ignores that the first and most telling criteria of any court in considering a motion to withdraw the reference is whether a proceeding involves a non-core dispute. The Second Circuit in In Re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993) reasoned that in determining a motion to withdraw the reference the courts have

placed significant weight on whether a claim is non-core because it impacts directly on the questions of judicial efficiency and uniformity:

> [a] district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn. For example, the fact that a bankruptcy court's determination on non-core matters is subject to de novo review by the district court could lead the latter to conclude that in a given case unnecessary costs could be avoided by a single proceeding in the district court.

None of the cases relied on by plaintiff on page 6 of his memorandum in opposition challenges the holding of Orion, which makes clear that if this case remains in the Bankruptcy Court, the Court's findings of fact, conclusions of law, or final orders would be subject to a de novo review in the District Court. Such an outcome does not promote judicial efficiency and economy.

   Plaintiff's opposition also incorrectly claims that because his Complaint is founded in equity, it is ineligible to be tried before a jury. However, there is ample support for Illinois National's position that it is entitled to a jury, because this is a non-core proceeding and it includes claims based on common law. Id. at 1101. While there is no question that certain parts of the case which seek declaratory and injunctive relief are equitable in nature, other parts, such as his request that the Court make a determination "whether Illinois National has breached its acknowledged [contractual] duties", are not and raise questions of common law (i.e. breach of contract) (Complaint ¶¶ 29, 37). Similarly, plaintiff requests consequential damages, which is not an equitable remedy and presumably arises out of the alleged breach of contract by Illinois National (Complaint, ¶ 10).

Consequently, Illinois National's jury demand is proper and a significant reason why the reference here should be withdrawn.

This case is analogous to the case of Pereira v. Farace, 413 F. 3d 330, 336-341 (2d Cir. 2005) where the Court "accepted the district court's statement that as a 'general rule' breach of fiduciary duty claims were historically within the jurisdiction of the equity courts [citations omitted]," but, nevertheless, determined that the defendants were entitled to a jury because plaintiffs sought compensatory damages. Therefore, plaintiff's reliance on United States v. Stern, 452 F. Supp 276, 280 (S.D.N.Y. 2006) for the proposition that this entire case is equitable in nature and does not entitle Illinois National to a jury trial is misplaced.

Plaintiff's carefully dissected quote from In Re Orion Pictures Corp., 4 F.3d at, 1101-1102 on page 9 of his memorandum in opposition is misleading. While there is no doubt the Second Circuit has made clear that a District Court is not required to immediately withdraw the reference simply because a party files a jury demand, the Court also explicitly held that "the Constitution prohibits Bankruptcy Courts from holding jury trials in non-core matters." Id. The Court then went on to hold that "[i]f a case is non-core and a jury demand has been filed, a District Court might find that the inability of the Bankruptcy Court to hold the trial constitutes cause to withdraw the reference." Id.

Finally, plaintiff's reliance on Ames Dep't Stores, Inc. v. TJX Cos., Inc. (In Re Ames Dept Stores, Inc., 190 B.R. 157, 162-163 (S.D.N.Y. 1995) for the principle that even when a party files a jury demand the timing of the withdrawal of the reference still depends on the particular circumstance of each case, including whether the case is likely to reach trial (see p. 9 of plaintiff's memorandum in opposition) selectively quotes the text of the decision. The Ames Court indicated there were multiple factors to be considered,

4

including judicial economy. "The timing of the withdrawal of the reference, however, still depends on the particular circumstances of each case, including whether the case is likely to reach trial, whether it involves lengthy discovery or careful pretrial guidance by the court, or whether the jury demand is without merit (citations omitted)." Ames is distinguishable because it dealt with a suit by a lessor who also submitted a claim in bankruptcy that was resolved by the plan of reorganization. Id. at 158, 159. In a lawsuit that followed against the guarantor of the lease, the Court determined it should stay in Bankruptcy Court because that Court was more familiar with the lease issue and the issues of a number of other leases with Ames. Id. at 163. Here, the opposite is true. The insurance coverage issues are all before the District Court, and that Court is, consequently, more familiar with those issues.

**B.     Judicial Economy, Fairness and Timing
        Strongly Favor a Withdrawal of the Reference**

Plaintiff also advances the argument that in view of the preliminary injunction there is little left for the Bankruptcy Court to do and keeping the adversary proceeding in that Court advances judicial economy and efficiency. This argument is not supported by the record before the Court and conveniently ignores what is readily apparent; the ultimate relief sought by plaintiff in this case is a permanent injunction requiring Illinois National to advance defense costs on covered claims. Such will require the Court to first make a full determination as to whether the coverage defenses asserted in the Amended Answer of Illinois National preclude coverage to the claims asserted against plaintiff, among other things. Plaintiff has also ignored that the District Court has before it Illinois National's appeal as to Judge Drain's Order granting plaintiff's motion for preliminary injunction as to

the advancement of defense costs which will present for determination most of the same issues.

Contrary to plaintiff's assertion, the absence of a particular cause of action in the Complaint labeled "breach of contract" does not mean the Court will not have to engage in a full determination on coverage. In fact, he is making a claim for breach of contract in his cause of action for declaratory judgment (Windels Dec., Ex. 4, ¶¶ 29, 36). This litigation will necessarily address, among other things, the defenses raised in Illinois National's Amended Answer (including the various defenses to coverage asserted therein) and the impact of plaintiff's recent criminal conviction and Bennett's guilty plea.

In fact, while arguing in support of his application for a preliminary injunction before Judge Drain, plaintiff's counsel acknowledged the overlap and similarities among the coverage actions, this one included, and the extensive discovery he intended to take in this action:

> MR. EISEN: …We have previously litigated the Maine Tower of Insurance [sic] Axis. The gist of that case was Axis' argument that coverage exclusions needed to be adjudicated before advancement…. We have here a separate Tower of Insurance, Illinois National, but essentially the same argument… So we have at issue here both coverage for the civil cases in which Mr. Grant is a party and also the criminal matters.

(Windels Dec., Ex. 8, p. 2).

> MR. EISEN: …[W]e will have the right to litigate this coverage exclusion to demonstrate that notwithstanding the guilty plea that the coverage exclusion does not apply. We'll have the right to discovery, we'll have the right to question whether Mr. Bennett may have pled to this for other reasons to establish independent evidence. …[W]e will be able to take discovery on issues like whether the application was considered prior to the issuance of the policy. We'll be able to get the underlying

6

documents, we'll be able to understand the policies and
procedures of the insurers.

(Windels Dec., Ex. 8, pp. 12-13).

Plaintiff's reliance on Judge Koeltl's decision in the Axis case as support for its opposition to the motion is also misplaced and ignores that the Axis' motion was later re-filed and granted by the District Court (Windels Dec., Ex. 5). The transcript of the proceedings before Judge Koeltl on October 5, 2007 shows that the Court initially denied Axis' motion to withdraw because the Bankruptcy Court had already expended significant time and energy in preparation for a October 12, 2007 hearing on a motion for summary judgment filed in the Bankruptcy Court shortly before then. Indeed, Judge Koeltl stated that the timing of Axis' motion to withdraw "appears to be a tactical effort to avoid the Bankruptcy Court's decision on that issue [advancement]" and suggested that Axis was engaging in forum shopping (Schreiner Dec., Ex. B, p. 11-12).

Judge Koeltl's Order, dated October 5, 2007 states, "[f]or the reasons stated on the record at the hearing held on October 5, 2007, Axis' motion to withdraw the reference is denied <u>without prejudice to re-file</u> after the Bankruptcy Court has decided the pending motions for summary judgment." (emphasis added) (Windels Reply Dec., Ex. 9). Hence, approximately a month later, on November 13, 2007, following the Bankruptcy Court's order granting certain directors and officers' motion to advance defense costs, this Court entered an Order withdrawing all of the various Axis adversary proceedings from the Bankruptcy Court (Windels Dec., Ex. 5).

Plaintiff's suggestion that Illinois National misapprehended Judge Drain's statements at the August 30, 2007 hearing in the Axis case is inaccurate. Moreover, counsel

Case 1:08-cv-04846-GEL    Document 11    Filed 06/16/2008    Page 11 of 13

concedes in his brief (at p. 8) that "Judge Drain stated that the District Court would be better equipped to decide the *coverage* claim in Axis' complaint, because the coverage issues overlapped with substantive issues in the Underlying Actions." This case is no different. The only reason Judge Drain decided the summary judgment motion before the motion to withdraw the reference was granted in the Axis case was because it had been filed and briefed before the motion to withdraw was heard.

In contrast to the circumstances before Judge Koeltl on the first motion to withdraw the reference in the Axis case, no dispositive motions are pending before Judge Drain in this case, Illinois National promptly filed its motion to withdraw a little over two months after plaintiff started this action and before the Bankruptcy Court invested substantial additional time since the denial of plaintiff's motion to comply on April 11, 2008.

There is no doubt that by now this Court is well aware of the insurance coverage issues at stake in the various Refco related insurance coverage actions involving Axis, AWAC, Arch and XL Specialty. Mr. Grant is not only a party to each of these actions, but the factual and legal issues at stake in each, including the instant case, are similar. For instance, the First Amended Complaint against AWAC contains similar claims for declaratory relief and for a preliminary and permanent injunction similar to those asserted against Illinois National. Moreover, counsel for the insureds (Grant's counsel included) have already conceded that: "[t]he Insureds believe it would be most efficient for <u>all coverage related disputes with Refco's D&O insurance carriers</u> to proceed in this Court (emphasis added)." (Windels Reply Dec., Ex. 9, ¶ 7).

In the AWAC case, plaintiff consented to a withdrawal after a preliminary injunction was granted to reimburse defense costs, but <u>before</u> any decision was made as to

8

whether a permanent injunction should be issued on the issue of advancement of defense costs (Windels Reply Dec., Ex.11, p.2). Both AWAC and Arch's motions were granted by this Court on June 4, 2008 (Windels Reply Dec., Ex. 12). Consequently, it is difficult to comprehend plaintiff's statement with reference to Illinois National's motion (plaintiff's memorandum in opposition, p. 9) that "[t]o withdraw the reference before it issues a final ruling on this issue [as to Illinois National] would be an inefficient use of the Court's resources." The procedural posture of this case is substantially the same.

Contrary to plaintiff's opposition, judicial efficiency and economy would not be served by keeping the Adversary Proceeding against Illinois National in the Bankruptcy Court. The Bankruptcy Court has addressed a total of two motions in this case, plaintiff's motion for preliminary injunction, which it granted on March 20th, and a motion to have Illinois National comply with its March 20th Order, which the Court summarily denied as moot, without any oral argument, after granting plaintiff's motion for preliminary injunction to advance defense costs against AWAC in a separate matter. There has been no activity in the Adversary Proceeding since then and no discovery has yet taken place.

Plaintiff's statement that the Illinois National policy is a stand alone policy (compared with the policies issued by Axis, AWAC, Arch and XL Specialty) is correct, but ignores the substantial common and overlapping factual and legal arguments as to the insurance coverage issues in all of these cases. For instance, the recent guilty plea of Phillip Bennett and plaintiff's criminal conviction will impact on both "towers" and no doubt be relied on by all of the insurers as a basis for excluding coverage pursuant to the respective applications for insurance as well as under the fraud, criminal acts, and improper profit exclusions in each of the policies. Plaintiff's effort to keep this one case in Bankruptcy

9

Court, while all other coverage related matters (which seek coverage for the same lawsuits and criminal actions as Grant seeks from Illinois National) are now being litigated in District Court, is contrary to the goal of promoting judicial economy and efficiency.

## CONCLUSION

Based on the foregoing, Illinois National respectfully requests that the Court grant its motion to withdraw the reference to the Bankruptcy Court of the Adversary Proceeding, together with such other and further relief as the court deems just and proper.

Dated:   New York, New York
         June 16, 2008

>                Yours, etc.,
>                D'AMATO & LYNCH, LLP
>
> By:    Kevin J. Windels s/
>        Kevin J. Windels (KJW 5477)
>        Stephen F. Willig (SFW 9847)
>        Attorneys for Defendants
>        Illinois National Insurance Company
>        70 Pine Street
>        New York, New York 10270-0110
>        (212) 269-0927

#299597v1

## AFFIDAVIT OF SERVICE VIA E-MAIL AND OVERNIGHT MAIL

STATE OF NEW YORK )
                              ss.:
COUNTY OF NEW YORK )

        **STEPHEN F. WILLIG**, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age and resides in Hazlet, New Jersey.

        On June 16, 2008, deponent served the within **REPLY MEMORANDUM OF LAW IN SUPPORT OF ILLINOIS NATIONAL INSURANCE COMPANY'S MOTION TO WITHDRAW THE REFERENCE** upon:

| | |
|---|---|
| Norman Eisen, Esq.<br>Zuckerman Spaeder, LLP<br>1800 M Street, N.W.<br>Washington, D.C. 20036-5802<br>neisen@zuckerman.com | Steven Wilamowsky, Esq.<br>Bingham McCutcheon, LLP<br>399 Park Avenue<br>New York, NY 10022<br>steven.Wilamowsky@bingham.com |
| Laura E. Neish, Esq.<br>Zuckerman Spaeder, LLP<br>1540 Broadway, Suite 1604<br>New York, NY 10036-4039<br>lneish@zuckerman.com | Michael T. Hannafan, Esq.<br>Blake Tyler Hannafan, Esq.<br>Hannafan & Hannafan, Ltd.<br>1 East Wacker Drive, Suite 1208<br>Chicago, Illinois 60601<br>mth@hannafanlaw.com<br>bth@hannafanlaw.com |

the attorneys for the plaintiff and the plan administrator herein at the e-mail address designated and agreed to in writing by said person for that purpose by electronically delivering a true copy thereof, and also at the address(es) designated by said attorney(s) for that purpose by leaving a true copy of same enclosed in a pre-paid properly addressed wrapper for UPS overnight delivery.

                                        s/ Stephen F. Willig
                                        **STEPHEN F. WILLIG**

Sworn to before me this
16th day of June, 2008

  s/ Kevin J. Windels
    NOTARY PUBLIC

#292957v1